**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 1: 25-cv-03980-RMR

EZEQUIEL ALCARAZ BARRIENTOS,

      Plaintiff-Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
ROBERT GAUDIAN, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity,
TODD LYONS, Acting Director of Immigration and Customs Enforcement, in his official capacity,
PAM BONDI, Attorney General, U.S. Department of Justice, in her official capacity;

      Defendants-Respondents.

---

### ORDER

---

Pending before the Court is Petitioner Ezequiel Alcaraz Barrientos's First Amended Verified Complaint for Habeas Corpus Relief Pursuant to 28 U.S.C. § 2241 ("Amended Petition"), ECF No. 19. Respondents filed a Response to the Petition, ECF No. 20, and Petitioner filed a Reply, ECF No. 22. For the reasons stated below, the Petition, ECF No. 19, is GRANTED.

### I.    BACKGROUND

Petitioner is a native and citizen of Mexico, ECF No. 20 at 10, and has lived in the United States for the last twenty years, ECF No. 19 ¶ 14. He lives with his wife and three

U.S. citizen children. *Id.* He has no contact with the criminal legal system, apart from minor traffic tickets not involving alcohol. *Id.* On October 6, 2026, he was detained without bond, *id.*, and issued a Notice to Appear ("NTA") initiating removal proceedings under § 1229(a), ECF No. 20 at 10.

Petitioner previously filed his Verified Petition for Writ of Habeas Corpus, ECF No. 1, and a Motion for Temporary Restraining Order and/or Preliminary Injunction, ECF No. 5 on December 11, 2025. ECF No. 19 ¶ 15. This Court ordered Respondents to respond by January 5, 2026 and Petitioner to reply by January 12, 2026. *Id.* Respondents filed an Unopposed Motion for an Extension of Time to Respond on January 5, 2026, because Petitioner was scheduled for an 8 U.S.C. § 1226(a) bond hearing in immigration court on January 5, 2026. *Id.* ¶ 16. On January 7, 2026, the parties filed a Joint Status Report informing the Court that Petitioner received a bond hearing and the immigration judge ("IJ") ordered his release upon payment of $5,000 bond. *Id.* ¶ 17. On January 9, 2026, the parties filed a Second Joint Status Report and Motion for Proposed Briefing Schedule and informed the Court that U.S. Immigration and Customs Enforcement ("ICE") would not honor the IJ's bond order. *Id.* ¶ 18. Instead, ICE invoked an autostay by filing a Notice of Intent to Appeal Custody Redetermination on Form E-43. *Id.*; ECF No. 20 at 11. Form E-43 automatically stayed the immigration judge's bond order, preventing Petitioner from paying bond, and required him to remain detained during the pendency of ICE's appeal. ECF No. 19 ¶ 18.

The Second Status Report also outlined the parties' shared position that Petitioner would file an amended complaint on January 13, 2026, Respondents would respond by

January 16, 2026, and Petitioner would reply by January 20, 2026. *Id.* ¶ 19. The Amended Complaint is fully briefed and before the Court.

## II.    LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus proceedings under 28 U.S.C. § 2241 "remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Singh v. Choate*, No. 23-cv-02069-CNS, 2024 WL 309747, at *1 (D. Colo. Jan. 26, 2024) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)); *see also Hernandez-Ceren v. Wolf*, No. 20-cv-01628-RM, 2020 WL 3036074, at *1 (D. Colo. June 6, 2020) ("[A] person subject to removal is in custody for habeas purposes.").

The writ of habeas corpus is designed to challenge "the fact or duration" of a person's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "In other words, habeas corpus, and thus § 2241, offers detainees release from custody when the very fact that they are detained, or detained for a certain length of time, is unlawful." *Codner v. Choate*, No. 20-cv-01050-PAB, 2020 WL 2769938, at *4 (D. Colo. May 27, 2020).

## III.    ANALYSIS

Petitioner brings five claims in his Amended Petition: (1) Fifth Amendment Procedural Due Process Violation; (2) Fifth Amendment Substantive Due Process Violation; (3) Violation of the APA; (4) Violation of 8 U.S.C. § 1226(a); and Violation of Immigration and Nationality Act ("INA") Bond Regulations. In support of his claims, Petitioner argues (1) Respondents' invocation of the autostay is illegally extending

Petitioner's already unlawful incarceration; and (2) Respondents cannot use § 1225(b) to jail Petitioner. ECF No. 19. The Court addresses each argument below.

### A.    Petitioner is Detained Under § 1226(a)

This case is unique in that an Immigration Judge already found Petitioner eligible for release upon payment of $5,000 bond on January 7, 2026. ECF No. 19 at 6. Therefore, Petitioner rejects Respondents' argument that he is lawfully detained under § 1225(b)(2) and requests that the Court issue a writ of habeas corpus requiring Respondents to release Petitioner from ICE detention immediately or order his release on bond of $5,000 as the Immigration Judge previously set. ECF No. 19 at 26. Respondents argue that Petitioner is "a noncitizen who meets the general definition of applicant for admission (such as an individual who is unlawfully present and has not been admitted) but does not fall within the two § 1225(b)(1) subcategories[,] is still an 'applicant for admission' who falls under the 'catchall' provision of § 1225(b)(2)." ECF No. 20 at 7. According to Respondents, Congress did not grant applicants for admission a right to a bond hearing under § 1225. *Id.*

Like the petitioner in *Mendoza Gutierrez*, Petitioner resided in the United States for several years before ICE detained him. ECF No. 19 ¶ 14. And, also like in *Mendoza Gutierrez*, Petitioner is being held in civil immigration detention based on the government's assertion that, despite his long-term residence in the United States, Petitioner is an "applicant for admission" to the United States and must therefore be subject to mandatory detention under either 8 U.S.C. § 1225(b)(1) or § 1225(b)(2). *See* ECF No. 20 at 7-8. These similarities are sufficient to lead the Court to reach the same

result here as it did in *Mendoza Gutierrez*. The Court thus adopts that reasoning in full here, *see Mendoza Gutierrez*, 2025 WL 2962908, at *5-9 (analyzing the plain language, legislative history, and past practice of § 1225 compared to § 1226 and determining "§ 1225(b)(2) only applies to noncitizens 'seeking admission' and inspected while trying to enter the country, and not to noncitizens who have lived in the United States continuously for over two years"), and once more joins the chorus of courts in this district and around the nation that have overwhelmingly rejected Respondents' position.[1]

### B.    Automatic Stay is Unlawful

Petitioner asserts the automatic stay provision regulation, 8 C.F.R. § 1003.19(i)(2), unlawfully prolongs his detention. *Id.* ¶ 23. Respondents argue that the "automatic stay has a definite termination point" and "cannot last longer than 120 days." ECF No. 20 at 23 (citing *Demore v. Kim*, 538 U.S. 510, 529 (2003)). Respondents contend that "Congress has authorized mandatory detention of Petitioner, *see* 8 U.S.C. § 1225(b)(2)(A)" and "has not provided Petitioner the right to be released on bond pending appeal of an IJ's order." *Id.* at 24.

---

[1] *Compare* ECF Nos. 1, 7 *and e.g.*, *Espinoza Ruiz v. Baltazar*, No. 1:25-cv-03642-CNS, 2025 WL 3294762 (D² Colo. Nov. 26, 2025); *Arauz v. Baltazar*, No. 1:25-cv-03260-CNS, 2025 WL 3041840 (D. Colo. Oct. 31, 2025); *Hernandez v. Baltazar, et al.*, No. 1:25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025); *Hernandez Vazquez v. Baltasar, et al.*, No. 1:25-cv-3049-GPG, ECF No. 22 (D. Colo. Oct. 23, 2025); *Loa Caballero v. Baltazar, et al.*, No. 1:25-cv-3120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025); *Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291, at *1 (D. Colo. Oct. 20, 2025); *Mendoza Gutierrez v. Baltasar, et al.*, No. 1:25-cv-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Carrillo Fernandez*, 2025 WL 3485800; *Garcia-Arauz v. Noem*, No. 2:25-cv-02117-RFB-EJY, 2025 WL 3470902 (D. Nev. Dec. 3, 2025); *Escobar Salgado v. Mattos*, No. 2:25-cv-01872-RFB-EJY, --- F. Supp. 3d ----, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); *Ramos v. Rokosky*, No. 25cv15892 (EP), 2025 WL 3063588 (D.N.J. Nov. 3, 2025); *Godinez-Lopez v. Ladwig*, 2025 WL 3047889 (W.D. Tenn. Oct. 31, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25-CV-326-LM-AJ, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Romero v. Hyde*, Civil Action No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Lopez Benitez v. Francis*, No. 25 Civ. 5937 (DEH), 795 F.Supp.3d 475 (S.D.N.Y. Aug. 13, 2025).

Petitioner analyzes the autostay provision under *Mathews* balancing factors: "(1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional procedural safeguards; and (3) the Government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail." ECF No. 19 at 9 (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)). The Government argues that *Mathews* does not apply because the Supreme Court has not used it in this context. The Court need not determine whether *Mathews* is appropriate in this context, because other courts in this District have concluded that the automatic stay provision violated the petitioner's procedural due process rights. *See Martinez Escobar v. Baltazar*, No. 26-CV-00296-NYW, 2026 WL 503313, at *6 (D. Colo. Feb. 24, 2026) (citing *Merchan-Pacheo v. Noem*, No. 25-cv-03860-SBP, 2026 WL 88526, at *14–16 (D. Colo. Jan. 12, 2026) (concluding that the automatic stay provision violated the petitioner's procedural due process rights); *Batz Barreno*, 2026 WL 120253, at *1–3 (ordering ICE to release petitioner from ankle monitor and other conditions of release that were not imposed by immigration judge)). This Court, too, takes issue with Respondents' invocation of the automatic stay provision and unilaterally imposing conditions on Petitioner's release without authorization from the Immigration Judge. *Id.* Accordingly, the Court concludes that the automatic stay under 8 C.F.R. § 1003.19(i)(2) unlawfully prolonged Petitioner's detention.

## IV.    CONCLUSION

Because Petitioner is improperly detained under § 1225 and the automatic stay provision, the Court agrees with Petitioner that he is entitled to immediate release, *see generally Mendoza Gutierrez*, 2025 WL 2962908, at *14. Consistent with the above analysis, it is **ORDERED** that Respondents shall release Petitioner from custody immediately, but no later than within 48 hours of this Order, and may not impose any additional conditions of release or supervision beyond those he was subject to immediately prior to his recent detention. Respondents **SHALL FILE** a status report within TWO DAYS of this Order to certify compliance. Respondents are further **ENJOINED AND RESTRAINED** from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, the government shall bear the burden of proof.[2]

---

[2] As this Court has previously found, the Fifth Amendment's procedural due process protections require that the government bear the burden of proof at 8 U.S.C. § 1226(a) bond hearings. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1186 (D. Colo. 2024). As Respondents put forth no argument regarding which party should bear the burden of proof in their response, any such argument is waived. *See, e.g.*, *C1.G ex rel. C.G. v. Siegfried*, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court properly dismissed an argument as "abandoned" where the party failed to include that argument in response to arguments raised in a motion to dismiss).

DATED: April 21, 2026

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge